NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARDIAL SINGH, | No. 21-777 |
| Petitioner, | Agency No. A095-630-059 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review from a Final Order
Of the Board of Immigration Appeals

Submitted June 8, 2023[**]
Pasadena, California

Before: M. SMITH and DESAI, Circuit Judges, and AMON,[***] District Judge.

Hardial Singh ("Singh"), a native and citizen of Indonesia, seeks review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008). Unless an exception applies, a noncitizen who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. *See Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) (citing 8 C.F.R. § 1003.2(c)(2)). A motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered" constitutes an exception to the time and numerical limitation. *Id.* (quoting *Azanor v. Ashcroft*, 364 F.3d 1013, 1021-22 (9th Cir. 2004)). To establish this exception, a petitioner must present new evidence of changed country conditions that is "qualitatively different from the evidence presented at his asylum hearing." *Id.*; *see Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016).

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely. Singh's motion relied solely on his counsel's statements and did not include any supporting materials to substantiate his claim that Indonesia's country conditions have changed. In this court, Singh cites for the first time evidence of changes in country conditions, including several State Department country reports. We do not consider any evidence that Singh presents for the first time in his opening

brief, as our review is generally limited to the evidence before the BIA. *See Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010); *Fisher v. INS*, 79 F.3d 955, 964 (9th Cir. 1996) (en banc); 8 U.S.C. § 1252(b)(4)(A).[1]

**PETITION DENIED.**

---

[1] Singh's motion before the BIA also raised an additional argument for reopening based on his eligibility for adjustment of status. The BIA rejected this argument as "not fall[ing] within any [statutory] exception to the motion to reopen . . . ." Although Singh referred to this as an "issue[] presented for review" in his opening brief, he did not make any arguments addressing this issue. The issue is therefore waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").